[726 NYS2d 721]

In the Matter of MICHAEL J. SMITH (Admitted as MICHAEL JAY SMITH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 25, 2001

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

## OPINION OF THE COURT ·

Per Curiam.

The Grievance Committee served the respondent with a petition containing three charges of professional misconduct. The Special Referee sustained all three charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent submitted no opposition but proffered a copy of a $600 payment he made to the Office of Court Administration (hereinafter OCA) on November 1, 2000, as payment for the last two registration periods along with his apologies for not having previously proffered payment.

Charge One alleges that the respondent engaged in conduct which is prejudicial to the administration of justice by failing to re-register with the OCA as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). By letter dated August 2, 1999, the Grievance Committee advised the respondent that he was the subject of a *sua sponte* complaint based upon his failure to re-register with the OCA, pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1. The Grievance Committee sent that letter to the respondent's home/office address in Fishers, Indiana, which was the address listed on his OCA registration form. The letter was not returned by the United States Postal Service, and the respondent did not submit an answer. The Grievance Committee learned that the respondent was admitted to the Bar in Indiana and obtained his current Indiana address and telephone number from the Indiana Bar Association.

By letter dated August 31, 1999, sent to the respondent at the Wabash, Indiana office address provided by the Indiana Bar Association, the Grievance Committee advised the respondent that a *sua sponte* complaint was pending against him based upon his failure to re-register for the current registration period. The Grievance Committee requested a detailed written answer within 10 days. The respondent failed to comply. The Grievance Committee thereafter forwarded a second letter, via certified mail, on October 21, 1999, requesting an answer within 10 days. The Grievance Committee fur-

ther advised the respondent that his failure to satisfactorily reply could result in a motion for his interim suspension, pursuant to 22 NYCRR 691.4 (*l*) (1) (i). Although the respondent signed for that letter on October 26, 1999, he failed to reply. On November 8, 1999, the Grievance Committee left a message on the respondent's answering machine. The respondent returned the call later that day and was advised to submit an answer within the week. He failed to do so.

At its meeting on December 16, 1999, the Grievance Committee concluded that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to cooperate with the Grievance Committee's investigation and conduct prejudicial to the administration of justice by failing to re-register with the OCA. Based on this misconduct, the Grievance Committee issued a Letter of Admonition on January 4, 2000, conditioned upon the respondent registering with the OCA and answering the complaint within 30 days. The Grievance Committee advised the respondent that his failure to comply with the conditions set forth in the Letter of Admonition would necessitate a motion for his interim suspension and for the authorization of a disciplinary proceeding. The respondent did not comply. The Grievance Committee contacted the OCA on February 7, 2000, and was advised that the respondent has been in arrears since the 1997-1998 registration period.

Although the *sua sponte* complaint was initiated in August 1999, the respondent had not, as of the date of the petition, answered the petition or submitted his resignation form and the required fee to the OCA, despite having been issued a conditional Letter of Admonition.

Charge Two alleges that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to cooperate with the Grievance Committee's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Three alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to notify the OCA of his change in address, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). Judiciary Law § 468-a (2) requires any attorney and counselor-at-law admitted to practice in New York to file an amended statement with the OCA within 30 days of any change in the information previously submitted. Noncompliance with that requirement constitutes conduct prejudicial to the

administration of justice (Judiciary Law § 468-a [5]; 22 NYCRR 118.1).

Through its investigation, the Grievance Committee learned that the respondent had relocated to the State of Indiana without notifying the OCA. Although the *sua sponte* complaint was initiated in August 1999, the respondent failed to notify the Grievance Committee of his change of address.

Based on the evidence adduced, the Special Referee properly sustained all three charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's submission of a letter dated November 1, 2000, and a postal money order payable to the OCA for the registration arrears. The Grievance Committee asks us to take note of the time and expense involved in prosecuting the disciplinary proceeding after the respondent was placed on notice of the registration requirements of Judiciary Law § 468-a and 22 NYCRR 118.1. The Grievance Committee issued the respondent a conditional Letter of Admonition dated January 4, 2000. Upon the respondent's failure to comply with the conditions therein, he was served with an order to show cause which led to his interim suspension.

Under the totality of circumstances, the respondent is reinstated to the practice of law and publicly censured for his professional misconduct.

BRACKEN, P. J., O'BRIEN, RITTER, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent is reinstated to the practice of law and is hereby censured for his professional misconduct.